IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIOTT SMART,           )<br>                              )<br>            Plaintiff,      )<br>                              )<br>vs.                          )   Case No. 23-CV-364<br>                              )<br>                              )<br>ROB JEFFEREYS, TRAVIS BAYLER,  )<br>                              )<br>            Defendants.    )   | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On April 16, 2024, this case was referred for a mediation with Court Attorney and Mediator, Megan Arvola (Doc. 28). At the time of that referral, the Court indicated if a Motion to Opt Out of Mandatory Mediation was not filed or was denied, then the Court would stay the case for up to 90 days to allow the parties a meaningful opportunity to participate in mediation in good faith (Doc. 28, pg. 2). No party filed such a Motion within the time for doing so. Accordingly, consistent with the Mediation Referral Order at Doc. 28, the case and all deadlines **REMAIN STAYED**. Ms. Arvola will reach out to counsel soon to discuss the date, time, and format of the single mediation session, which shall be completed within 90 days of the date of this Order. The parties shall participate with Ms. Arvola in good faith. The failure to do so or to otherwise conform to the provisions of the Mandatory Mediation Plan will be deemed sanctionable.

Further, the Court notes that Plaintiff is presently housed at Butner Medium II Federal Correctional Institute in Butner, North Carolina ("Butner Medium II FCI"). No

officials at Butner Medium II FCI are parties to this action, and the Court is careful not to interfere in day-to-day prison operations. That said, the mandatory mediation session contemplated by this Order cannot be completed without the assistance and cooperation of officials at Butner. The Court notes that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this Court has authority "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977).  Further, in appropriate circumstances, the Court may exercise its authority under the Act with respect to people or entities not parties to the underlying litigation "who are in a position to frustrate ... the proper administration of justice."  *Id.* at 174.

With this authority in mind, the Court **ORDERS** as follows:

1. A single mediation session by videoconference before Mediator Megan Arvola will take place on a date agreeable to Ms. Arvola within 90 days from today's date.
2. The Warden of Butner Medium II FCI is **ORDERED** to take all appropriate steps to ensure that Megan Arvola is permitted to conduct the mediation session as provided for in this order. This includes taking the steps necessary for Plaintiff Elliott Smart's appearance via video at the mediation session, which may last as long as 4 hours.
3. The Warden at Butner Medium II FCI is **ORDERED** to facilitate a pre-mediation phone call between Plaintiff Elliott Smart and Mediator Megan Arvola.
4. The Clerk of Court is **DIRECTED** to send a copy of this Order and the Mediation Referral Order (Doc. 28) to the Warden at Butner Medium II FCI and to legal counsel for Butner Medium II FCI.
5. The Clerk of Court is further **DIRECTED** to issue a Writ to obtain Plaintiff Elliott Smart's presence at the mediation via video for a minimum of 4 hours.

**IT IS SO ORDERED.**
**DATED: 5/9/2024**

s/*David W. Dugan*
David W. Dugan
United States District Judge